IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

YVONNE R. ALSTON )
10012 Cedarhollow Lane )
Largo, MD 20774 )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. CAL13-04785
 )
PALISADES COLLECTION, L.L.C. ) Jury Trial Demanded
Serve: The Corporation Trust Incorporated )
351 West Camden Street )
Baltimore, MD 21201 )
 )
    Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, Yvonne R. Alston, (hereafter the "Plaintiff") and for her complaint against the Defendant Palisades Collection, Llc. ("Palisades") alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the common law tort of defamation.

### PARTIES

2. The plaintiff is a natural person and resides in Largo, Maryland. She is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c) and the FDCPA, 15 U.S.C. §1692a(3).

3. Defendant Palisades is a Delaware corporation that is licensed as a debt collection agency in Maryland.

4. Defendant Palisades regularly collects or attempts to collect debts owed or due or

1

asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendants moreover use one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debt.

5. Defendant is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), in that it regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies.

## FACTS

6. In numerous communications to Ms. Alston dating back approximately seven years Palisades has claimed to be the owner of Ms. Alston's alleged debt with FIRST USA and CHEVY CHASE (collectively, the "Creditors").

7. The alleged debts allegedly arose from services provided by the Creditors, which were primarily for family, personal or household purposes and meets the definition of a "debt" under 15 U.S.C. §1692a(5).

8. Ms. Alston does not have a debt with First USA or Chevy Chase.

9. Accordingly, Palisades did not purchase a debt held by Ms. Alston.

10. Even if the debts were valid they would no longer be legally enforceable for the three year statute of limitations has elapsed.

11. Ms. Alston has disputed the debt with Palisades for several years.

12. Within a year of the filing of this complaint Palisades has misrepresented on one or more occasions that Ms. Alston owes it $21,556.19 for the alleged debt with CHEVY CHASE and $6,854.18 for the alleged debt with FIRST USA.

13. Palisades has also reported to Experian, Equifax and Transunion (collectively the "credit bureaus") that Ms. Alston owes it debts in the amount of $21,556.19 and $6,854.18.

14. Within two years of filing this complaint Ms. Alston has disputed the Palisades account with each of the credit bureaus.

15. Palisades verified the debts on several occasions after receiving Ms. Alston's disputes from the credit bureaus.

16. At some point during the early months of 2012 Palisades ceased reporting the debt allegedly originated from First USA for $6,854.18.

17. Although Palisades ceased reporting the alleged debt originating with First USA, Palisades continued to report to the credit bureaus the alleged debt originating from Chevy Chase.

18. On or about June 1, 2012 and July 11, 2012 Ms. Alston disputed the remaining Palisades' account with the credit bureaus.

19. Upon information and belief the credit bureaus forwarded the dispute to Palisades.

20. In response to the June 1, 2012 and July 11, 2012 disputes, Palisades:

   a. either did not verify the account with Transunion or instructed Transunion to delete the account;

   b. verified the account with Experian and instructed Experian to continue reporting the account; and

   c. verified the account with Equifax and instructed Equifax to continue reporting the account.

21. On November 7, 2012 Ms. Alston sent a letter directly to Palisades again disputing the debt.

22. At some point after Ms. Alston's sent her November 7, 2012 dispute letter Palisades ceased reporting the remaining account to both Equifax and Experian.

## COUNT ONE: VIOLATIONS OF FCRA

23. Plaintiff realleges and incorporates paragraphs 1 through 22 above as if fully set out herein.

24. Palisades both negligently and intentionally violated the Fair Credit Reporting Act at 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct a reasonable investigation. . .

25. Palisades knew or should have known during its investigations that it did not have legal ownership of an account belonging to Plaintiff. Furthermore, Palisades knew Plaintiff could not be legally liable on the debt because the debt was outside the statute of limitations and unenforceable. Palisades only continued to report the account as a method to force Plaintiff into paying it. Rather than modifying or deleting the account to reflect the fact that Plaintiff did not owe a debt to Palisades, Palisades continued to report the account as delinquent in attempt to extort a payment from Plaintiff. Said actions of Palisades were done negligently or with a reckless disregard for Plaintiff's rights also under the FCRA at §1681s-2(b)(1)(D) & (E).

26. As a result of conduct, actions and inactions of Palisades, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

27. Palisades' conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Palisades was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

28. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorneys' fees from Palisades in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATIONS OF FDCPA

29. Plaintiff realleges and incorporates paragraphs 1 through 28 above as if fully set out herein.

30. Defendants violated 15 U.S.C. §1692 in one or more of the following ways, without limitation by:

    a. Falsely representing it purchased Plaintiff's account in violation of §1692e;

    b. Falsely representing Plaintiff had a debt with Defendant in the amount of $21,340.63 in violation of §1692e(2)(A);

31. As a result of the conduct and actions of Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, frustration, upset, anger, humiliation and severe emotional and mental distress.

32. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the court pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

### COUNT THREE: DEFAMATION

33. Plaintiff realleges and incorporates paragraphs 1 through 32 above as if fully set out herein.

34. Palisades intentionally and maliciously instructed the credit bureaus to report publicly that Plaintiff had delinquent accounts with Palisades.

35. Palisades' statements to the credit bureaus were false.

36. Palisades published the statements without a privilege.

37. As a result of Defendant's publication, Plaintiff's credit score was reduced, credit applications were denied, and credit opportunities were lost. Plaintiff has also suffered substantial, actual damages including but not limited to: out-pocket expenses, frustration, upset, humiliation and embarrassment, emotional and mental pain and suffering.

38. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for compensatory damages.

WHEREFORE, your Plaintiff demands judgment for actual and punitive damages against Palisades Collection, L.L.C.; for her attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

YVONNE R. ALSTON

By *Yvonne R. Alston*
Yvonne R. Alston
10012 Cedarhollow Lane
Largo, MD 20774
(240) 432-0927